UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br>　　v.<br><br>FERNANDO CASTRO BAZAN (1),<br>　aka Benji,<br><br>　　　　　Defendant. | Case No. 22CR00971-JO<br><br>[PROPOSED] PROTECTIVE ORDER |

　　Pursuant to the stipulation and joint motion of the parties and Federal Rule of Criminal Procedure 16(d)(1), it is hereby **ORDERED** as follows:

　　1. The United States Attorney and the Assistant United States Attorneys assigned to this case and their assistants (hereafter collectively referred to as "the Government"), defendant FERNANDO CASTRO BAZAN, his counsel, and his counsel's assistants (hereafter collectively referred to as "Defendant"), shall not disclose the substance of any discovery material produced to Defendant, or obtained by the Government from Defendant, unless such material is already a matter of public record, to any third party not involved in any way in the investigation or prosecution of the case, without prior approval of the Court. Further, although CASTRO BAZAN can review the discovery with counsel, CASTRO

BAZAN may not keep copies of any discovery provided to him in any form, including, but not limited to, notes or photographs concerning the contents of the discovery.

2. Nothing contained herein shall prevent the Government or Defendant from disclosing such discovery material to any other attorneys working for the Government, Defendant, government agents (federal, state or local), paralegals, law clerks, secretaries, experts, investigators, assistants, office personnel, employees, and any other person who is working for the Government or Defendant (collectively referred to as "assistants") in the investigation or preparation of this case or, with respect to the Government and its assistants only, in other criminal investigations, without prior Court order.

3. Further, nothing contained herein shall preclude the Government, Defendant, or their respective assistants from conducting an investigation of the facts of this case on behalf of the Government or Defendant, or with respect to the Government and its assistants only, from conducting an investigation of other criminal activity, including interviewing witnesses disclosed by said discovery materials, or from taking statements from witnesses disclosed by said discovery materials, or from asking said witnesses if they themselves have made prior statements to the Government that are disclosed in the discovery materials, and about the contents of such statements. In connection with any such investigation, it shall not be necessary that the Government, Defendant, or their respective assistants, obtain prior permission of the Court.

4. Defendant agrees to return to the United States or destroy any and all copies of the discovery within thirty (30) days of the conclusion of proceedings in this case, including any appeal.

5. All public filings attaching or referencing any part of the discovery shall be filed under seal or subject to redactions.

//
//
//
//

6. Counsel shall be required to communicate the substance of the Court's Order and explain it to their clients and assistants before disclosing the substance of the discovery to their client or assistants.

**IT IS SO ORDERED.**

Dated: 7/25/22

THE HONORABLE JINSOOK OHTA
United States District Judge